UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

DONNA L. SANNICANDRO          :          CIVIL ACTION NO.:3:10CV1429

VS.                                              :

JULIE FRASER                             :          SEPTEMBER 8, 2010

### C O M P L A I N T

1.  This is an action for brought by a citizen and resident of the State of New York against a citizen and resident of the State of Connecticut.  The amount in dispute, exclusive of interest and costs, is greater than seventy-five thousand dollars ($75,000).

2.  Jurisdiction of this court is invoked under the provisions of Title 28, Section 1332, of the United States Code.

3.  The plaintiff is an adult citizen of the United States and a citizen and resident of Pound Ridge, New York.

4.  The defendant is an adult citizen of the United States and a citizen and resident of Stamford, Connecticut.

5.  On June 10, 2009, the defendant falsely and maliciously stated in writing to several third parties that the plaintiff had falsely claimed to have

suffered a job-related injury as a means of avoiding doing her job.

    6.  On April 10, 2009, the defendant stated in writing to several third parties that the plaintiff is one of "those witches I call co-workers."

    7.  On February 4, 2009, the defendant falsely and maliciously stated in writing to several third parties that the plaintiff, who was an employee of a state agency, spent her time at work gossiping and not performing the job for which she was paid.

    8.  On January 21, 2009, the defendant falsely and maliciously stated in writing to several third parties that the plaintiff" "is lazy.  She doesn't do all of her work and routinely gets away with it.  She thinks she is the best employee there.  I don't get how she can be so ignorant.  Two Fridays ago, I was cleaning up yet another one of her messes (i.e. she did a half-assed, incomplete job and I am the next person to pick up or need the file and have to fix it).  I spent two hours fixing a file.  Each and every minute of which, my face got redder and redder and I got more and more pissed off.  Up until now, I have said nothing to her (or either of our bosses, for that matter) about her complete and utter lack of attention to detail and laziness.  I mean, hello?  We have to punch holes in things, that is the rule.  Please don't claim youforgot....it was simply that the packets of paper were too large for the puncher and you were too lazy to take them apart (much of my job is minutiae)....we aren't stupid."  The defendant

2

continued: "I am no longer interested in being burned by a loser 44 year old with no life living at home with mom."

9.  On December 22, 2008, the defendant falsely and maliciously stated in writing to several third parties that the plaintiff was incompetent in her profession.

10.  On October 6, 2008, the defendant the defendant falsely and maliciously stated in writing to several third parties concerning the plaintiff: "She has been at our job for 8 years in a temporary position and this is her third department because they keep moving her because no one can stand her.  She keeps applying for permanent positions and they won't hire her."

11.  On September 30, 2008, the defendant admitted in writing that "I just have to work on getting rid of" the plaintiff.  Subsequently, on January 1, 2009, the defendant stated in writing concerning the plaintiff: "Perhaps I can make her angry enough to slap me.  Then she would get fired right?  I am SO willing to take one for the team ;)"

12.  On or about September 17, 2008, the defendant falsely and maliciously stated in writing to several third parties concerning the plaintiff that she "isn't a lawyer like most of us in this position - she is a paralegal.  She has been here for something like 8 years in a temporary position that pays her about $12 an hour for 35 hours a week that she commutes from NY to.  She is 44 and lives with mom, likely largely to do with the low pay and the high cost of libing

around here.  And it isn't that full-time positions haven't opened up.  She applies for every single one and never gets the job.  And I have to tell ya folks, this ain't rocket science.  Now, a normal person would think 'Hmmmm....maybe I am doing something wrong here.  Maybe I should look outside the proverbial box a bit, make some changes, look elsewhere.'  Not D.  Oh no, she has stated to people that she thinks she is the best worker the State of Connecticut has in its employ.  Now, I don't know how being consistently 5-25 minutes late to work and Court every day and a general surly demeanor translate to the best worker in the state, but maybe it is me who is missing something."

13.  As a result, the plaintiff suffered injury to her professional reputation and economic loss, all to a value greater than $75,000.

14.  In the manner described above, the defendant subjected the plaintiff to libel *per se*.

15.  In the manner described above, the defendant subjected the plaintiff to libel *per quod*.

16.  In the manner described above, the defendant invaded the plaintiff's privacy by (a) giving unreasonable publicity to the plaintiff's private life and (b) unreasonably placing the plaintiff in a false light before the public.

WHEREFORE, the plaintiff claims judgment against the defendant for compensatory and punitive damages.

*The plaintiff claims trial by jury.*

                          THE PLAINTIFF

BY: _____
       JOHN R. WILLIAMS (ct00215)
       51 Elm Street
       New Haven, CT 06510
       203.562.9931
       Fax:  203.776.9494
       jrw@johnrwilliams.com
       Her Attorney